UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL REXROAD,

       Petitioner,

  v.

WARDEN, SOUTHEASTERN
CORRECTIONAL INSTITUTION,

       Respondent.

Case No. 1:24-cv-44

JUDGE DOUGLAS R. COLE
Magistrate Judge Jolson

## OPINION AND ORDER

On July 1, 2025, the Magistrate Judge issued a Report and Recommendation (R&R, Doc. 19) advising the Court to dismiss with prejudice pro se Petitioner Michael Rexroad's Petition for Writ of Habeas Corpus (Doc. 1). (Doc. 19, #414). Since the Magistrate Judge issued the R&R, Rexroad has filed what he styles a "Motion to Amend Evidence" (Doc. 24), but which the Court construes as objections to the R&R.[1]

---

[1] Rexroad cites 28 U.S.C. § 2242, which provides that federal habeas petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions." In other words, federal habeas petitioners may amend their petition in accordance with Federal Rule of Civil Procedure 15(a). *See Kellici v. Gonzales*, 472 F.3d 416, 418 (6th Cir. 2006). The time has long passed for Rexroad to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). And to the extent that Rexroad is seeking leave to amend his petition to include an ineffective assistance of trial counsel claim, (*see* Doc. 24, #443), the amendment is **DENIED** as futile because the claim is procedurally defaulted. *See* infra Law & Analysis; *Hopson v. Miller*, No. 5:16-cv-1867, 2019 WL 2928746, at *3 (N.D. Ohio July 8, 2019) (denying amendment to habeas petition on futility grounds).

Alternatively, giving Rexroad, a pro se petitioner, the benefit of the doubt, he could be seeking relief under 28 U.S.C. § 2254(e)(2), which permits an evidentiary hearing on claims that the applicant failed to develop in state proceedings only if the claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Additionally, "the facts underlying the claim" must be "sufficient to establish by clear and convincing evidence

For the reasons stated below, the Court **OVERRULES** Rexroad's objections (Doc. 24), and **ADOPTS** the R&R (Doc. 19) in its entirety, thereby **DISMISSING** Rexroad's habeas petition (Doc. 1) **WITH PREJUDICE**.

## BACKGROUND

Rexroad is a state prisoner currently incarcerated at the Southeastern Correctional Institution. In January 2024, he filed a pro se habeas petition under 28 U.S.C. § 2254. (Doc. 1). The concatenation of events that gave rise to the petition began in June 2020, when the State of Ohio charged Rexroad with "seventeen counts of rape under Ohio Revised Code § 2907.02; one count of sexual battery under Ohio Revised Code § 2907.03; and one count of gross sexual imposition under Ohio Revised Code § 2907.05." (Doc. 19, #414). After roughly a year of negotiations, Rexroad entered a plea deal with the state. (*Id.* at #414–15). And on July 21, 2021, he pleaded guilty pursuant to that agreement. (State Ct. R., Doc. 12, #51). But the next day, Rexroad (without informing his court-appointed counsel) filed a pro se motion to withdraw his guilty plea. (*See id.* at #56).

Because the procedural history of the guilty plea and its attempted withdrawal is central to Rexroad's claims in habeas, the R&R describes it in some detail. It seems that during in-person pretrial proceedings that occurred in January and March 2021, the state trial court stressed the gravity of Rexroad's charges. (Doc. 19, #415).

---

that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B). Rexroad does not meet this standard. He identifies no new rule of constitutional law that would provide for his release. And, as explained below, the "factual predicate" of Rexroad's request is not new either. *See* infra note 3.

Rexroad confirmed he understood. (*Id.*). Then, on July 21, 2021, the day of his plea hearing, Rexroad signed a guilty plea form. (*Id.* at #416; *see* Doc. 12, #51). There, he waived the reading of the indictment and indicated that he fully understood the rights the Constitution granted him. (Doc. 19, #415). He further waived those rights and declared his intent to enter a guilty plea for two sexual-battery counts and a sexual-imposition count. (*Id.* at #415–16). Separately, Rexroad affixed his signature to a document that explained to him the maximum penalties for those offenses. (*Id.* at #416).

The R&R further describes that, at the plea hearing, "Rexroad also indicated that he understood that by pleading guilty to three counts, the state would dismiss the remaining charges. Rexroad further stated that he understood that since this is a jointly recommended sentence[,] he waives the right to appeal his sentence." (*Id.*). The state trial court specifically queried whether Rexroad had the opportunity to review the waiver and maximum-penalty documents with his counsel, and Rexroad responded that "he had reviewed them, understood them, and signed them." (*Id.* at #416–17). The trial court also separately reminded Rexroad of the constitutional rights he was waiving by pleading guilty (the same rights listed on the plea form he had signed), and Rexroad again replied that he understood. (*Id.*). Finally, the court again stressed the maximum penalty associated with each offense, as well as the mandatory post-release control that would form part of Rexroad's punishment if he pleaded guilty. (*Id.* at #417). Rexroad once again confirmed that he understood both aspects of the punishment that awaited him based on his guilty plea. (*Id.*). After

3

relaying this information to Rexroad, the trial court asked whether he wished to proceed with his plea, and Rexroad again said yes. (*Id.*). With that, the court accepted Rexroad's plea. (*Id.*).

One day later, though, "Rexroad filed a one-paragraph, unsigned handwritten document asking to withdraw his plea." (*Id.*). And so the sentencing hearing the state court had set based on the plea instead became a combined motion-and-sentencing hearing. (*See id.*). Apparently, neither the state nor Rexroad's counsel had received a copy of Rexroad's handwritten motion in advance of the hearing. (*Id.*). But Rexroad's counsel was aware, due to the online docket, that Rexroad had filed the motion. (*Id.*). And Rexroad's counsel had spoken with Rexroad about it. (*Id.*).

Among the "several reasons" that Rexroad raised in his motion as a basis for withdrawing his plea was "a claim of tampering with evidence by the state in discovery." (*Id.*). But while Rexroad's counsel was aware that Rexroad had included that argument, he balked at the prospect of actually pressing it on Rexroad's behalf at the hearing. According to the attorney, he saw "no good faith basis for that argument and w[ould] not make it before the Court." (*Id.*). So it fell to Rexroad himself to read his reasons for withdrawal into the record:

> I, Michael Rexroad, on July 25th, 2021, request to withdraw my plea of guilty and instead go to trial for some of the following reasons; one, I survived a year and a half in jail without signing a time waiver and believe I have earned the right to have … that right returned to me. I feel that scare tactics were used to influence my decision. As a 50 percent disabled veteran that fought the state and the last year and a half after my injury, I requested I still be allowed to continue to fight for my innocence. I apologize for pulling the VA card, but I'm at my wits end … It has been brought to my attention that I do not have to convince

4

> 12 people of my innocence, only one … or one that she is faking, or one that she is lying, which would be easier if I had my motion of discovery.

(*Id.* at #417–18).

Following Rexroad's remarks, the trial court asked Rexroad's counsel if he wished to present any evidence in support of the motion. (*Id.* at #418). Counsel reiterated that he lacked a good-faith basis for pressing the argument:

> Scare tactics, Your Honor, everything has been explained to him in the court … there w[ere] no scare tactics used. He[] … knowingly made the choice he made … we have went over and discussed the motion of discovery … So, I cannot put forward any good faith argument for a motion to withdraw [the] guilty plea.

(*Id.*).

So the trial court asked Rexroad whether he wished to testify in support of his motion. (*Id.*). Rexroad said he did, and he also confirmed that he understood that the state would have the opportunity to question him regarding any issues raised in his testimony. (*Id.*). With that, the trial court administered the oath to Rexroad. (*Id.*). Then, after Rexroad completed his testimony and cross examination, the trial court declared, "I am going to find that this was a request filed by the Defendant individually and not through counsel. This Court did choose to proceed with a hearing on this matter despite that fact." (*Id.*).

Following that, the trial court denied the motion. (*Id.*). The judge found there was "no reasonable and legitimate basis to withdraw the plea." (*Id.*). In support of that conclusion, the trial court pointed out that Rexroad was afforded "a full … hearing, understood the nature of the charges he was pleading guilty to, and understood the possible penalties including the jointly recommended sentence." (*Id.*

5

at #418–19). What's more, the court "held that Rexroad failed to present evidence supporting his innocence, and, that to [the] contrary, the state presented his admission of committing the offenses." (*Id.* at #419). At bottom, Rexroad's request was based on "a change of heart," and the court "did not find credible his assertion that the interrogation recording was tampered with." (*Id.*). So the trial court proceeded to sentencing, and the state appellate court affirmed the trial court's judgment. (*Id.*). The Ohio Supreme Court declined jurisdiction over Rexroad's case. (*Id.*).

Undeterred, Rexroad filed for post-conviction relief in the state trial court. (*Id.*). He proffered two grounds for such relief: (1) "Ineffective assistance of counsel, both trial and appellate counsel," and (2) the "Trial court committed reversible error when it overruled Defense Rule 29 Motion to Dismiss due to insufficient evidence." (*Id.* (cleaned up)). But the state trial court held (1) that res judicata barred the ineffective assistance of trial counsel claim,[2] (2) that Rexroad had failed to identify any "substantive grounds for relief," as Ohio Revised Code § 2953.21(D) requires, and (3) that in any event, the petition was untimely under the 365-day limit specified in Ohio Rev. Code § 2953.21(A)(2)(a). (*Id.*). Some two months later, Rexroad moved for

---

[2] Under Ohio law, when a defendant is (1) represented by a new attorney on appeal (as Rexroad was here), and (2) capable of raising an ineffective assistance of counsel claim based on record evidence (as Rexroad was here), he typically must raise that claim on direct appeal. *See* infra note 3. Relatedly, while the state trial court did not expressly deny the ineffective assistance of appellate counsel claim on res judicata grounds, this Court notes that Ohio law requires defendants to raise such claims in the first instance by way of a petition under Ohio Rule of Appellate Procedure 26(B). *See, e.g., State v. Sellars*, No. 28860, 2021 WL 1593196, at *6 (Ohio Ct. App. Apr. 23, 2021) (noting that an application to reopen under Rule 26(B), not "a petition for post-conviction relief," is the appropriate vehicle to raise claims of ineffective assistance of appellate counsel).

6

post-conviction DNA testing and for production of certain documents, but the state trial court denied both. (*Id.*). It appears that Rexroad declined to appeal any of these post-conviction decisions. (*Id.*).

That brings the Court to the instant matter. In his federal habeas petition, Rexroad asserts two grounds for relief: (1) "The trial court erred to the prejudice of Mr. Rexroad by accepting a plea of guilty that was not made knowingly, voluntarily [and] intelligently," and (2) "The trial court erred to the prejudice of Mr. Rexroad by denying the motion to withdraw his guilty plea." (*Id.* at #420).

The petition also lays out "[s]upporting [f]acts" for each ground. (*Id.*). As for the first, Rexroad contends that the trial court did not ensure that Rexroad understood the nature of his charges; that the statement of facts was not read into the record; that the trial court did not review the elements of the offense with Rexroad; that the record shows Rexroad was "unsure" if he really wanted to enter a guilty plea; and that Rexroad was "confused regarding the proceedings," apparently because he "believed he was already sentenced." (*Id.*). And as for the second, Rexroad asserts that he filed a pro se motion to withdraw the plea; that he was unsatisfied with counsel's performance; that he received no other court-appointed attorney; and that he "put forth specific reasons why he wanted to withdraw his plea"—namely, that he was "innocent," "confused about how a jury trial worked," and "was prepared to go to trial but felt backed into a corner." (*Id.*). To the extent that Rexroad had disclosed self-inculpatory information to authorities, he asserts that he made those

7

disclosures "because he was homeless and the investigation promised him a place to stay." (*Id.*).

After Respondent filed a Return of Writ (Doc. 13), the state court record (Doc. 12), and transcripts (Docs. 12-1, 12-2, 12-3, 12-4, 12-5), and Rexroad filed a Traverse (Doc. 18), the Magistrate Judge issued her R&R (Doc. 19). There, the Magistrate Judge started her analysis by noting that, under 28 U.S.C. § 2254(d), a court may not issue a writ of habeas corpus on any claim adjudicated on the merits in state court unless the adjudication either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Doc. 19, #420–21 (quoting 28 U.S.C. § 2254(d))).

Because this case implicates the first prong, the Magistrate Judge elaborated on its content. "A decision is 'contrary to' clearly established law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" (*Id.* at #421 (quoting *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (cleaned up))). A state court's application of clearly established federal law is unreasonable "when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (cleaned up). The burden

8

of satisfying these standards lays with Rexroad, and the Court's review is "limited to the record before the state court." (*Id.* (cleaned up)).

The Magistrate Judge found that Rexroad could not make the necessary showing as to either claim for relief. Recall that his first claim challenges whether his plea was knowing and voluntary. (*Id.* at #415). As the Magistrate Judge noted, Rexroad had already pressed this exact ground for relief on direct appeal in state court. (*Id.* at #423). And the state appellate court held that "[t]he totality of the circumstances here demonstrate that Rexroad was notified of the nature of the charges and he understood them." (*Id.*). Rexroad had access to all the information regarding the charges pending against him. (*Id.*). He "was advised" of his crimes "through several hearings." (*Id.*). He reviewed "the guilty plea and maximum penalty documents" "with counsel," was "questioned about them at the plea hearing by the trial court," and "more than once, indicated he signed them and wished to keep his signature on them." (*Id.*). And although Rexroad attempted to portray one of his responses to the trial court ("I'm going to have to say, yes") as "demonstrating hesitation," this argument did not persuade the state appellate court. (*Id.* at #424).

In the Magistrate Judge's view, this conclusion "was not unreasonable," largely for the same reasons that had persuaded the state appellate court. (*Id.* at #424–25). So the R&R recommends denying Rexroad's claim that the state court had committed an AEDPA-cognizable error in finding that his plea was knowing and voluntary. (*Id.* at #425–26).

9

Turn now to the second ground. The Magistrate Judge likewise concluded that the state court did not commit an AEDPA-cognizable error in denying Rexroad's motion to withdraw his plea. (*Id.* at #426–32). Like Rexroad's first ground, a state appellate court has already rejected this argument. (*Id.* at #426–27). That court found that the state trial court should not even have considered Rexroad's motion because Rexroad "was represented by counsel who did not join the motion." (*Id.* at #426). And under long-established Ohio law, "[h]ybrid representation is prohibited." (*Id.*). Ultimately, though, the Magistrate Judge concluded that Ohio's hybrid-representation rule does not give rise to a procedural default in this matter that would preclude consideration of the issue in habeas. (*Id.* at #429). That's because one could read the state appellate court's decision in Rexroad's direct appeal "as finding that the state trial court—not [Rexroad]—failed to follow a procedural rule." (*Id.*). That is, the appellate court seemed to fault the trial court for entertaining Rexroad's motion to withdraw his plea in the first instance, rather than faulting Rexroad for failing to comply with the procedural rule. (*Id.*). Thus, the appellate court's decision was "not an express, unequivocal statement that [Rexroad's] claim was barred on procedural grounds." (*Id.*).

But the Magistrate Judge concluded that Rexroad's second ground for relief fails for a different but related reason—namely, that "[s]tate court decisions based on state law issues are not subject to federal habeas review." (*Id.* at #430 (citations omitted)). As the Magistrate Judge put it, "[t]ime and again, courts have held that the denial of a motion to withdraw a plea is a question of state law insufficient to

10

warrant habeas relief." (*Id* (citations omitted)). And to the extent that Rexroad is instead endeavoring to raise some kind of freestanding actual innocence claim, "the Sixth Circuit has repeatedly indicated that such claims are not cognizable on habeas." (*Id.* at #431 (quotation omitted)). So, like the first, Rexroad's second ground for relief falls short.

Deeming both of Rexroad's grounds for relief infirm, the Magistrate Judge recommends that the Court dismiss Rexroad's petition with prejudice. (*Id.* at #432). The Court granted Rexroad's request to extend the default 14-day response deadline. (*See* 7/15/25 Not. Order (granting Rexroad's first request for an extension and denying as moot two subsequent requests for the same relief)). As a result, Rexroad had until September 2, 2025, to object. (*Id.*). On July 31, 2025, Rexroad filed what he styled a "Motion to Amend Evidence" (Doc. 24). There, he seeks to "present additional evidence" on his second ground for relief (i.e., that the state trial court erred in denying his motion to withdraw the guilty plea). (*Id.* at #441). He says that the "trial judge had an affirmative duty to inquir[e] about a conflict that unfolded right inside its court room," though he does not expand on what he means by "conflict." (*Id.* at #443). Perhaps the term is best read as a reference to the next paragraph, where Rexroad explains that he told his trial counsel at a hearing that counsel had "failed to investigate" numerous "issues" that Rexroad had "pointed out." (*Id.*). Based on that, Rexroad appears to argue an ineffective assistance of counsel claim, and also suggests that the trial court had an independent duty to inquire into the adequacy of counsel's representation. (*Id.* at #443–44). The remainder of Rexroad's filing is a

11

series of exhibits—various documents created in connection with the proceedings described above. (*Id.* at #447–72). Giving Rexroad, a pro se litigant, the benefit of the doubt, the Court construes Rexroad's motion as objections to the Magistrate Judge's analysis of Rexroad's second ground for relief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Rexroad is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings

filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

**LAW AND ANALYSIS**

Finding that dispositive issues bedevil each of Rexroad's arguments, the Magistrate Judge recommends that the Court dismiss Rexroad's habeas petition with prejudice. (Doc. 19, #414). As noted, the Court construes Rexroad's so-called "Motion to Amend Evidence" (Doc. 24) as objecting solely to the Magistrate Judge's analysis of Rexroad's second argument. Accordingly, the Court reviews the R&R's analysis of Rexroad's first argument for clear error, and the R&R's analysis of the second argument de novo. *Redmon*, 2021 WL 4771259, at *1; *Bates*, 2023 WL 4348835, at *1. Ultimately, the Court affirms the R&R as to both.

13

1. The Magistrate Judge did not clearly err in rejecting Rexroad's first ground for relief (i.e., his claim that his plea was not knowing and voluntary). (Doc. 19, #426). Explaining why that is so, though, involves a closer look at the details surrounding his plea.

As the R&R correctly observes, in his petition, Rexroad basically argues "that the trial court did not (1) 'ensure' that he understood the nature of the charges against him or (2) review the elements of the charged offense." (*Id.* at #422). To be sure, such complaints rest on solid legal footing. Because a criminal defendant waives numerous constitutional rights when he enters a guilty plea, any such plea must be entered into knowingly and voluntarily. *See Brady v. United States*, 397 U.S. 742, 748 (1970). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). The Court considers the totality of the circumstances surrounding the plea in applying the standard. *Garcia v. Johnson*, 991 F.2d 324, 327 (6th Cir. 1993) (citation omitted).

A plea is voluntary if the defendant "understands the nature of the charges against him and the constitutional protections that he is waiving." *Evans v. Jackson*, No. 20-11379, 2022 WL 989321, at *3 (E.D. Mich. Mar. 30, 2022) (citing *Henderson v. Morgan*, 426 U.S. 637, 644–45 n.13 (1976)). A plea is knowing and intelligent if the defendant has "sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. But the mere fact that a defendant "did not

14

correctly assess every relevant factor entering into his decision" does not mean the decision was not intelligent. *Id.* at 757.

A defendant's in-court remarks are also germane to the analysis—a "[s]olemn declaration[]" of guilt in open court carries a "strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Consistent with that, the Sixth Circuit has long held that a petitioner is bound by his in-court statements as to his understanding of the plea. *Ramos v. Rodgers*, 170 F.3d 560, 563 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Similarly, the Court must afford a presumption of correctness to a state court's determination that a plea was valid. *Railey*, 540 F.3d at 417 (quoting *Garcia*, 991 F.2d at 326).

Here, the record provides no backup whatsoever for the notion that Rexroad's guilty plea was anything less than the product of a knowing, voluntary, and intelligent choice. (*See* Doc. 19, #423–24 (describing Rexroad's plea and its surrounding circumstances)). And were there any doubt, the state appellate court's independent determination on that factual issue would obviate it. After all, a state court's determination of fact is entitled to substantial deference in habeas review. *See Railey*, 540 F.3d at 417 (quoting *Garcia*, 991 F.2d at 326). Accordingly, the R&R did not clearly err in rejecting Rexroad's first ground.

2.  Nor did the Magistrate Judge go awry in analyzing Rexroad's second ground. Even reviewing that determination de novo in light of Rexroad's objections, Rexroad says nothing that warrants a different conclusion.

15

Recall that Rexroad asserts that the state trial court erred by denying his motion to withdraw his guilty plea. (Doc. 1, #7). Respondent, meanwhile, challenges this contention on two grounds. First, as the R&R notes, Respondent says that the argument is procedurally defaulted. (Doc. 19, #427). And second, the Warden says that the argument is not cognizable in federal habeas proceedings. (*Id.*). The Magistrate Judge rejected Respondent's first contention, but accepted the second. (*Id.* at #426–32). Because the Court agrees with the Magistrate Judge's analysis of Respondent's second argument—which is dispositive here—the Court does not reach Respondent's first argument.

As a general matter, state court decisions based on rules of state law are not subject to federal habeas review. *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Unsurprisingly, then, federal courts routinely reject challenges to the denial of a motion to withdraw a plea, finding that such denials are questions of state law that do not give rise to habeas relief. *See, e.g.*, *Bingham v. Haviland*, No. 3:20-cv-1846, 2023 WL 6383684, at *6 (N.D. Ohio Sep. 29, 2023) (citation omitted); *Goodwin v. Buchanan*, No. 5:19-cv-888, 2022 WL 1152782, at *1 (N.D. Ohio Apr. 19, 2022). True, if the denial were to amount to a due process violation, things may be different. But that generally "hinges on whether the plea was knowing and voluntary." *Bingham*, 2023 WL 6383684, at *6 (citations omitted). And the Court has already determined above that Rexroad failed to show that his plea was constitutionally infirm on those grounds here. That finding largely precludes this avenue of relief. *See Dunlap v. Warden*, No. 2:21-cv-5849, 2022

16

WL 16950956, at *8 (S.D. Ohio Nov. 15, 2022) (rejecting an argument based on the denial of a motion to withdraw a plea where the court had already determined that the petitioner's plea was constitutionally permissible). Indeed, even in the unlikely event that the state trial court somehow abused its discretion in denying Rexroad's motion, an abuse of discretion alone does not ineluctably give rise to a due process violation. *See Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).

Rexroad's objections—(1) that his trial counsel was ineffective for failing to investigate Rexroad's theory that the state suppressed evidence, and (2) that the trial court had an independent duty to inquire into the supposed "conflict" between Rexroad and his trial counsel, (*see* Doc. 24, #443–45)—wither in light of these conclusions. As for the former, while it is true that "a guilty plea can be involuntary as a result of the ineffective assistance of counsel," *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citing *Hill*, 474 U.S. at 59), a state court has already determined that res judicata bars Rexroad's ineffective assistance of trial counsel claim,[3] (*see* Doc. 12, #183). So the claim is procedurally defaulted, as the Sixth Circuit

---

[3] In Ohio, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Brown v. City of Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). The doctrine requires ineffective assistance of counsel claims to be brought on direct appeal so long as the defendant "[1] had new counsel on direct appeal and [2] the claim of ineffective assistance of counsel could have been raised on direct appeal without resorting to evidence outside of the record." *State v. Dempsey*, No. 76386, 2000 WL 777003, at *7 (Ohio Ct. App. June 15, 2000). Admittedly, the state court post-conviction decision holding that Rexroad's claim is barred on res judicata grounds is rather conclusory and does not apply this two-part test. (*See* Doc. 12, #183). But the record nonetheless reflects that it is satisfied. Rexroad had new counsel on direct appeal. (*See id.* at #75; Doc. 12-5, #310). And Rexroad's theory—that his trial counsel was ineffective for failing to investigate an allegedly tampered-with and suppressed video interrogation, (*see* Doc. 24, #444)—could have been advanced on direct appeal. At his sentencing hearing, Rexroad testified in support of his motion to withdraw the guilty plea that he "strongly fe[lt] that the interrogation video

17

has "repeatedly" held that "res judicata is an adequate and independent state ground to foreclose" review of a federal habeas claim.[4] *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 830 (6th Cir. 2019) (citations omitted).

As for Rexroad's argument that the trial court had an independent duty that it failed to meet, the three cases that Rexroad cites—*Cuyler v. Sullivan*, 446 U.S. 335 (1980), *United States v. Cronic*, 466 U.S. 648 (1984), and *Mickens v. Taylor*, 535 U.S. 162 (2002)—are inapposite. *Cuyler* held that a criminal defendant who does not object to a potential conflict of interest stemming from multiple representation at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's

---

that was shown to me ... had been modified and key segments were removed." (Doc. 12-5, #319). Jodi Conkel, a detective from the Scioto County Sheriff's Office who investigated Rexroad's case, then took the stand to testify as to the Sheriff's Office's procedure for recording interviews. (*Id.* at #331–35). Conkel testified that evidence tampering of the sort Rexroad had alleged is "physically impossible" given the Sheriff's Office internal procedure for storing digital video and audio files. (*Id.* at #333, 336). "Once [the Sheriff's Office] record[s] something," it is "store[d] on [a] hard drive." (*Id.* at #333). And once it's there, Sheriff's Office personnel have no ability to alter the files. (*Id.* at #333, 336). Thus, in light of this record evidence, Rexroad's trial counsel's alleged failure to investigate the matter was "known at the time of trial and could have been raised on direct appeal based solely on the trial record." *Dempsey*, 2000 WL 777003, at *7.

[4] The four-part test for determining whether a state procedural rule precludes a habeas claim articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), is met here. That test requires the Court to ask whether (1) Rexroad failed to comply with Ohio's res judicata doctrine, (2) Ohio courts enforce that doctrine, (3) res judicata is an adequate and independent state ground for denying review of a federal constitutional claim, and (4) Rexroad can show cause and prejudice excusing the default. *Id.*; *Gerth*, 938 F.3d at 829. Rexroad failed to comply with Ohio's res judicata doctrine by declining to raise his ineffective assistance of counsel claim in his initial state appeal. *See, e.g.*, *State v. Franklin*, No. 05-ca-9, 2006 WL 648352, at *2 (Ohio Ct. App. Mar. 13, 2006) (citations omitted) ("If a petitioner fails to bring a first appeal as of right, he cannot raise in a postconviction relief petition issues that should have been raised in that appeal."); (Doc. 12, #183 (noting that Rexroad failed to raise the issue in his initial appeal)). The Sixth Circuit has categorically held that Ohio courts enforce Ohio's res judicata doctrine. *Gerth*, 938 F.3d at 830 (citations omitted). As already noted, res judicata is an adequate and independent state ground to bar habeas relief. *Id.* And Rexroad identifies no reason why he could not have raised the ineffective assistance of trial counsel claim in his appeal of right.

18

performance. 446 U.S. at 350. *Cronic* held that, outside a few narrow circumstances—namely, (1) a complete denial of counsel, (2) a complete failure "to subject the prosecution's case to meaningful adversarial testing," or (3) other circumstances so likely to prejudice the defendant that even competent counsel could not provide effective assistance—the defendant bears the burden of demonstrating prejudice. 466 U.S. at 658–59. And *Mickens* held that a trial court's failure to inquire into a potential conflict of interest, even when it knew or should have known about the conflict, does not necessitate reversal; rather, the defendant must still demonstrate that an actual conflict of interest adversely affected counsel's performance. 535 U.S. at 170–73. None of these authorities help Rexroad's argument here. Multiple representation is not at issue. And Rexroad has not shown a conflict of interest, meaning he cannot demonstrate an adverse effect from such a conflict. Thus, on de novo review, Rexroad's second objection fails, too.

In sum, evaluating Rexroad's first argument under a clear error standard, and his second argument de novo, the Court agrees with the Magistrate Judge that Rexroad's habeas petition fails.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R (Doc. 19) in its entirety. The Court **OVERRULES** Rexroad's Motion to Amend Evidence (Doc. 24) and **DISMISSES** this matter **WITH PREJUDICE**. Consistent with that, the Court **DIRECTS** the Clerk to **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

February 3, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

20